UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| RAYMOND MACK, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Cause No. 1:24-CV-102-HAB ) |
| EAST ALLEN COUNTY SCHOOLS, et al., | ) ) |
| Defendants. | ) |

**OPINION AND ORDER**

Plaintiff sued several entities and individuals after he was fired from his job as a bus driver. All Defendants but the EACS Association Union ("Union") appeared and are defending. Because of the lack of appearance, Plaintiff sought and obtained a clerk's entry of default against the Union late last year. (ECF No. 46). He now moves for a default judgment. (ECF No. 62).

**I.    Well-Pleaded Facts**

When evaluating a motion for default judgment, the Court takes all well-pleaded allegations of a complaint relating to liability as true. *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). Accordingly, the Court relies on the facts as pled in Plaintiff's Third Amended Complaint. (ECF No. 26).

Broadly, Plaintiff alleges that he was discriminated against for being Black and fired under false pretenses by East Allen County Schools ("EACS"). His claim against the Union is under Section 301 of the Labor Management Relations Act ("LMRA"). He alleges that, following his termination, he pursued a grievance. (*Id.* at 10). The Union, however, failed to follow the grievance procedure and failed to pursue arbitration over the firing. (*Id.*). He alleges that these failures were

a breach of the Union's "duty to fairly represent" his interests in violation of Section 301. (*Id*. at 11).

## II.     Legal Discussion

"The basic effect of an entry of default . . . is that '[u]pon default, the well-pleaded allegations of a complaint relating to liability are taken as true.' The defaulting party cannot contest the fact of his liability unless the entry of default is vacated under Rule 55(c)." *VLM Food Trading Intern., Inc. v. Illinois Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016) (citations omitted); 10 James W.M. Moore et al., MOORE'S FEDERAL PRACTICE § 55.32[1][a] (3d ed. 2013) ("The effect of an entry of default, if not set aside, is to establish the liability of the defaulting party as a basis for default judgment. After defaulting, a party has no right to dispute the issue of liability"). Default judgment, however, is not automatic. Plaintiffs seeking default judgment must prove that they are entitled to judgment as a matter of law. *Cass Cnty. Music Co. v. Muedini*, 55 F.3d 263, 265 (7th Cir. 1995).

"Once the default is established, and thus liability, the plaintiff still must establish his entitlement to the relief he seeks." *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). "'Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of damages are not deemed true. The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.'" *Id*. (quoting *Credit Lyonnais Securities (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)); *see also e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 604 (7th Cir. 2007) ("[A]lthough a default judgment establishes liability, it does not answer whether any particular remedy is appropriate").

Although the Union cannot now dispute liability, the Court finds that Plaintiff's Third Amended Complaint fails to establish it. Section 301 claims can be brought only by an individual

2

employed by an "employer" subject to the LMRA. *Rogers v. Amalgamated Transit Union Loc. 682*, Case No. 1:16-CV-284, 2017 WL 4539922, at *4 (N.D. Ind. Oct. 11, 2017). The LMRA excludes from the definition of "employer" "any State or political subdivision thereof." 29 U.S.C. § 152(2). And public-school districts, like EACS, are political subdivisions of the State under Indiana law. *See*, *e.g.*, *Weaver v. Elkhart Comm. Sch. Corp.*, 95 N.E.3d 97 (Ind. Ct. App. 2018). So Plaintiff has no cause of action under Section 301 against the Union. *Scott v. City of Lake Station, Ind.*, Cause No. 2:21-CV-117-PPS-JEM, 2022 WL 294622, at *7-9 (N.D. Ind. Jan. 31, 2022) (dismissing Section 301 claim against a public employee union for failure to state a claim).

The Court is mindful that in reviewing Plaintiff's allegations, his pro se pleadings must be liberally interpreted. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But Plaintiff is clear, throughout both his Third Amended Complaint and his motion for default judgment, that his claim is under Section 301. (ECF No. 62 at 6) ("the Union breached its duty of faire representation pursuant to section 301"). The Court takes him at his word.

For these reasons, Plaintiff's Verified Motion and Brief for Entry of Default Judgment and Damages (ECF No. 62) is DENIED. Plaintiff's claim against the Union is DISMISSED WITH PREJUDICE.[1]

SO ORDERED on April 2, 2025.

          s/ *Holly A. Brady*
          CHIEF JUDGE HOLLY A. BRADY
          UNITED STATES DISTRICT COURT

---

[1] The Court acknowledges a split of authority on whether the dismissal of a Section 301 claim brought by a public sector employee should be based on a lack of subject matter jurisdiction or a failure to state a claim. *See Scott*, 2022 WL 294622, at *9. The Court does not find it necessary to delve into that split as the outcome is the same.