**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

RAYMOND MACK,

      Plaintiff,

        v.                        CASE NO. 1:24-CV-102-HAB

EAST ALLEN COUNTY SCHOOLS,
ET AL.,

      Defendants.

## OPINION AND ORDER

Plaintiff Raymond Mack ("Mack"), proceeding without a lawyer, sued several defendants over his firing and the State of Indiana's revocation of his bus driver's certification. (ECF 1). On March 30, the Court issued an order ruling on cross-motions for summary judgment. (ECF 129). East Allen County Schools and several school employees ("School Defendants") prevailed on their summary judgment motion against Mack. (*Id.*). But the Court also granted summary judgment in Mack's favor for his claim against Indiana Department of Education Transportation Director Michael Larocco ("Larocco"). (*Id.*). The latter claim has still not been fully resolved, so final judgment has not yet been entered. Even so, Mack filed a Notice of Appeal (ECF 131) and now moves for leave to appeal in forma pauperis. (ECF 132).

Under 28 U.S.C. § 1915, the Court "may authorize the commencement [of an appeal] without pre-payment of fees [if] the person is unable to pay such fees." A person is unable to pay the filing fee if "because of his poverty [doing so would result in the inability] to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (quotation marks omitted). To demonstrate this on a motion in the district court to appeal in forma pauperis, Federal Rule of Appellate Procedure 24(a)(1) requires the moving

party to attach an affidavit that "(A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal." Additionally, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). Any appeal that is frivolous—one that no reasonable person could suppose has any merit—is not taken in good faith, even if the party appealing is not a prisoner. *Lee v. Clinton*, 209 F.3d 1025, 1026–27 (7th Cir. 2000).

The Court will deny Mack's motion. He did not include the affidavit required by Federal Rule of Appellate Procedure 24(a)(1). But even if he did, Mack's motion would still be denied because his appeal is not taken in good faith.

Barring few exceptions, none of which apply here,[1] a case cannot be appealed until final judgment has been entered. 28 U.S.C. § 1291. This does not happen until the Court "dispos[es] of *all claims* against *all parties*." *Williams v. Myers*, No. 22-1112, 2022 WL 18457423, at *1 (7th Cir. Oct. 13, 2022) (emphasis added). Based on Mack's motion, it appears he intends to appeal this Court's grant of summary judgment against him on his claims against the School Defendants. (ECF 132). But Mack also sued Larocco. The Court has granted summary judgment in his favor, but only as to liability. (ECF 129). The Court has not yet ruled on damages for that claim and a status conference is scheduled for later this month. (ECF 130). The law precludes Mack from appealing until all claims against all parties are resolved. That has not happened yet.

For these reasons, Mack's Motion for Leave to Appeal in forma pauperis (ECF 132) is DENIED.

---

[1] Mack is not appealing a ruling on a preliminary injunction. 28 U.S.C. § 1292(a)(1). Nor has he sought and been granted leave to file an interlocutory appeal.

**SO ORDERED** on April 14, 2026.

s/ *Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT